JUAN VILLA RAMIREZ (T-24667)
San Quentin Prison (4-EY-22)
San Quentin, Ca. 94974

E-filing   FILED

SEP 11 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

SBA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

C 07 4681

Juan Villa Ramirez
    Plaintiff: pro se.

v.

J. Tilton, Director; R. Ayers, Warden;
et. al. Defendants;
In their Personal & Official Capacities

Case No. _____ (PR)

Plaintiff's Request for
APPOINTMENT OF COUNSEL.

pursuant to: 28 U.S.C. §1915(d)
42 U.S.C. §12105 and F.R.C.P.
4.55(c)(2).

ATTACHMENT A

    To the honorable court in the above cause of action; Plaintiff Juan Villa Ramirez respectfully submits this motion to obtain the APPOINTMENT OF COUNSEL who can and will represent Plaintiff's interests in the above legal action, and for which Plaintiff has NO OTHER MEANS to gain MEANINGFUL ACCESS to the court to present his case due to the fact that Plaintiff is incarcerated and without the funds to employ counsel on his own.

    This motion is based upon the attached Declaration, Memorandum of Points and Authorities and ALL of the papers and records filed in this §1983, And Complaint Under 42 U.S.C. §12101. Plaintiff IS a qualified person with a "permanent disability" under the provisions of the Americans with Disabilities Act and according to the States OWN GUIDELINES Title 15 §3085. And the evidence presented to this court in this action supports this motion.

    Plaintiff is proceeding pro se, And submits this motion to the court to obtain the Appointment of Counsel pursuant to 28 U.S.C. §1915(d), 42 U.S.C. §12105 and F.R.C.P. 4.55(c)(2).

    This request is made in order to ensure that Plaintiff's Due Process, Procedural Due Process and MEANINGFUL Access to the Court are not infringed upon in light of the extensive complex issues this case is raising, And due to the fact that "IF" Plaintiff looses this case, He could loose his Life.

1. This complaint raises issues of the Defendants MEDICAL INDIFFERENCE, and Defend-
2. ants DELIBERATE INDIFFERENCE towards Plaintiff because of his "permanent disability"
3. (HEMANGIOMAS) and Plaintiff's allergies to peanuts and peanut products. Defendant's
4. actions amount to cruel and unusual punishment in violation of the Eighth Amendment
5. of the United States Constitution.
6.         DECLARATION OF PLAINTIFF JUAN VILLA RAMIREZ
7. Plaintiff is a prisoner incarcerated at San Quentin State Prison, and is proceed-
8. ing pro se, and was completely dependent upon the assistance he received from another
9. prisoner, Richard John Vieira.
10. Plaintiff is NOT AN ATTORNEY, Nor does Plaintiff have ANY formal training in the
11. law.
12. Plaintiff IS a qualified person with a "permanent disability" pursuant to 42
13. U.S.C. §12102 and the Department of Corrections OWN GUIDELINES and CRITERIA Title 15
14. §3085.
15. Plaintiff suffers from a medical condition which causes "tumors" to develop in
16. his body; And currently Plaintiff has these tumors in his neck, face and mouth (See
17. Claim I). Plaintiff is also allergic to "peanuts and peanut products" (See Claim II).
18. Plaintiff's medical needs ARE NOT BEING MET by the Defendants, and their Super-
19. visors and subordinates. Which is causing Plaintiff undue discomfort and pain, And is
20. subjecting Plaintiff to a diet which is nutritionally deficient in violation of the
21. Department of Corrections State Guidelines, due to the FACT that the Defendants are
22. refusing to accommodate Plaintiff with another item of food whenever they serve pea-
23. nut-butter with or as a meal.
24. Plaintiff's medical records/evidence are "extensive and complex". And without
25. the assistance of counsel who can obtain a medical professional to review plaintiff's
26. medical files and present qualified evidence of medical indifference/malpractice.
27. Plaintiff will not be able to represent himself adequately enough to protect Plaint-
28. iff's state created and constitutional rights. And ANY failure in securing these

1. rights can and will cause Plaintiff irreparable harm to his physical and mental health.

## POINTS AND AUTHORITIES

It is uncontrovertible that the Plaintiff herein is imprisoned, is indigent and unable to employ counsel, and presents a bona fide legal action threatening his physical and mental health due to the Defendants deliberate indifference towards Plaintiff's "permanent disability". Plaintiff is proceeding pro se on his own behalf without ANY training or experience in the law, and has no training in medicine to fully present his claims of medical indifference/malpractice, and therefore is without MEANINGFUL and viable access to the court to present Plaintiff's claims to this court.

An indigent prisoner who faces a bona fide legal action threatening interests is entitled to meaningful access to the courts as guaranteed by the due process and equal protection clauses of the constitution of California and the United States, Yarbrough v. Superior Court, (1985) 39 C.3d 197; Payne v. Superior Court, (1976) 17 C.3d 908; Woods v. Superior Court, (1974) 36 CA.3d 811.

Clearly, Plaintiff is a "Qualified Person" with a "permanent disability" covered under the Americans with Disabilities Act (42 U.S.C. §12101 et seq.), And a showing of such merit makes this case "ripe" for trial and the appointment of counsel, Cooper v. Sargenti Co. Inc. 877F.2d 170, 173 (2nd Cir. 1989). An indigent prisoner who is "untrained and/or inexperienced in Civil Law should be appointed counsel, Payne v. Superior Court, Id. "Counsel should have been appointed for an inmate with little general education and No legal education", Whisenant v. Yaum, 739 F.2d at 163; Knighton v. Watkins, 616 F.2d 795, 799, (5th Cir. 1980).

This court has a reasonable duty to protect Plaintiff's rights through ALL of the procedures of this civil action. The appointment of counsel will ENSURE that ALL of Plaintiff's "meritorious claims" will be presented "clearly and accurately" and will level the extreme unfair advantage that the Defendants will have over Plaintiff because they WILL have access to medical testimony and Experienced Attorneys (the California Attorney General's Office) who will represent the Defendants in this case. In Knighton

1. v. Watkins, Id.; The court explained, "The appointment of counsel can explain the app-
2. licable legal principles to the complaint, and ...limit litigation to potentially mer-
3. itorious issues. In addition, the appointment of counsel provides the unlettered inmate
4. with an opportunity to obtain representation equally qualified with the professional
5. counsel usually provided by the state for the defendants".
6.     In deciding whether to appoint counsel for an indigent litigant, the court should
7. consider the "factual complexities" of the case, the ability of the indigent to "inve-
8. stigate the facts", the existence of conflicting testimony, the ability to "present his
9. claims" and the "complexities of the legal issues", Abdullah v. Gunter, 949 F.2d 1032,
10. 1035 (8th Cir. 1991), cert. denied 112 S.Ct 1995 (1992).
11.     In this case the complexities of the issues, and Plaintiff's need for a medical
12. professional to testify that the Defendants actions FELL BELOW that which would be ac-
13. ceptable among doctors of good standing in the community. Clearly supports this motion
14. for the appointment of counsel. State law protects people, "including prisoners" from
15. negligent treatment by doctors and other medical care staff, such negligence is called
16. medical malpractise, (Government Code §§844.6(d) and §845.6), Ashker v. Calif. Depart-
17. ment of Corrections (9th Cir. 1997) 112 F.3d 392. To prove medical malpractice a pri-
18. soner must show that the doctor failed to use that decree of skill usual among doctors
19. of good standing in the community, and that the doctor's acts or omissions were a pro-
20. ximate cause of an injury suffered by a prisoner. Except in "unusual cases", demonstr-
21. ating that a particular doctor's actions were negligent WILL REQUIRE TESTIMONY OF AN
22. EXPERT WITNESS, USUALLY ANOTHER DOCTOR.
23.     Because the Defendants will present their own testimony and statements regarding
24. the standard of care, those statements will be EXCLUSIVELY SELF-LAUDATORY. Plaintiff
25. should be permitted to have a medical professional review his records, examine and dis-
26. cuss Plaintiff's medical condition and needs with him to present that professional tes-
27. timony needed to present Plaintiff's claims clearly and thoroughly to the court.
28.     Funds to compensate counsel appointed to this case are covered and ALLOWED under

1. 42 U.S.C. §12105. [Attorney's Fees]: "In any action or administrative proceeding com-
2. menced pursuant to this Act, the court or agency, in it's discretion, may allow the
3. prevailing party, other than the United States, a reasonable attorney's fee, including
4. litigation expenses, and costs, and the United States shall be liable for the forego-
5. ing the same as a private individual". (July 26, 1990, P.L. 101-336, Title V, §104
6. Stat. 371).

7.     Disabled individual was prevailing party in action under ADA (42 USCS §§12101 et.
8. seq.) and thus entitled to seek attorneys fees and costs, where individual entered in-
9. to legally enforceable settlement agreement against the defendant which forced defend-
10. ant to do something he otherwise would not have had to do, Barrios v. Cal. Interschol-
11. astic Fed'n (2002, CA9 Cal.) 277 F3d 1128.

12.     An attorney's rate of $350. per hour for representing disabled riders in ADA act-
13. ion against regional transit authority was reasonable, under 42 USCS §12105, for award
14. of attorney's fees under lodestar method, where rate fell within range of rates of at-
15. torneys practicing within region and attorney had superior credentials in area of dis-
16. ability law, Collins v. SEPTA, (1999, ED Pa) 69 F.Supp 2d 701, 9 AD Cas 1566.

17.     Plaintiff contends that this case presents Constitutional Issues of substance,
18. and has a high likelihood of success, Whether that success comes at trial, a court or-
19. der or settlement will entitle Plaintiff to collect attorney fees pursuant to 42 U.S.C.
20. §12105 and/or 28 U.S.C. §1915(d). And therefore, before this court denies Plaintiff's
21. motion for the Appointment of Counsel, This court must at minimum hold a hearing and/or
22. make "factual determination" using the guidelines set down by the California Supreme
23. Court in, Yarbrough v. Superior Court supra, 39 C.3d 197, 203-04, 207. The decisions of
24. the Supreme Court and Court's of Appeal are binding and must be accepted by trial cou-
25. rts, Woods v. Superior Court, supra, 36 CA.3d 811, 814; Auto Equity Sales Inc. v. Sup-
26. erior Court, 57 C.2d 450, 455.

27. signed: *[signature]*      dated: 8·30·07
28.     Juan Villa Ramirez