| | |
|---|---|
| IN THE UNITED STATES DISTRICT COURT | |
| FOR THE NORTHERN DISTRICT OF CALIFORNIA | |

JUAN VILLA RAMIREZ,

    Plaintiff,

  v.

JAMES TILTON, et al.,

    Defendants.

No. C 07-04681 SBA (PR)

**ORDER ON REVIEW OF COMPLAINT; AND DIRECTING PLAINTIFF TO FILE PROOF OF SERVICE OR SHOW CAUSE**

    Plaintiff, a California prisoner incarcerated at San Quentin State Prison (SQSP), filed the present pro se civil rights action pursuant to 42 U.S.C. § 1983 in which he asserts three claims for relief against twenty-one Defendants, all officials and employees at SQSP and the California Department of Corrections and Rehabilitation (CDCR). He seeks monetary damages and injunctive relief.

    The Court now reviews the allegations in the complaint and directs Plaintiff, who has paid the filing fee in this matter, either to show proof that he has served those Defendants against whom cognizable claims for relief have been found, or to show cause why such Defendants should not be dismissed from this action without prejudice.

## DISCUSSION

### I. Standard of Review

    A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state

1 law. See West v. Atkins, 487 U.S. 42, 48 (1988).

**II.     Plaintiff's Claims**

   **A.     Deliberate Indifference Claim**

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. See Estelle v. Gamble, 429 U.S. 97, 104 (1976); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc); Jones v. Johnson, 781 F.2d 769, 771 (9th Cir. 1986). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. See McGuckin, 974 F.2d at 1059. A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." Id. (citing Estelle v. Gamble, 429 U.S. at 104). A prison official is deliberately indifferent if he or she knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Plaintiff's allegation that he suffers from hemangiomas,[1] which is a "disease/condition that causes tumors to develop in his body," supports an inference that he has serious medical needs. (Compl. at 4.) Liberally construed, Plaintiff's allegations that the SQSP medical staff failed to provide adequate medical treatment for his hemangiomas state a cognizable deliberate indifference claim against Defendants.

   **B.     Disability Discrimination**

Plaintiff claims the he "suffers from peanut allergies." (Id. at 9.) He alleges that if he "were to consume 'peanuts' or a 'product that contained peanuts' Plaintiff would require an immediate injection of epinephrine." (Id.) He contends that "because he is incarcerated and subjected to a standardized state diet which serves peanut butter at minimum '3 times a week,' Plaintiff's peanut allergies qualify him as a person with a disability, therefore [he] is protected from discrimination

---

[1] Plaintiff has mis-spelled hemangiomas as "hemangeomas" in his complaint.

due to his disability under the guidelines of the ADA . . . ." (Id.) Plaintiff alleges that he suffered discrimination on the basis of his disability.

### 1. **Cause of Action**

Title II of the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C.§ 12101 et seq., and § 504 of the Rehabilitation Act of 1973, as amended and codified in 29 U.S.C. § 794(a), prohibit discrimination on the basis of disability in the programs, services or activities of a public entity. The elements of a cause of action under Title II of the ADA are: (1) that the plaintiff is a qualified individual with a disability; (2) that the plaintiff was either excluded from participation in or denied the benefits of a service, program, or activity of a public entity, or was otherwise discriminated against by the public entity; and (3) that such exclusion, denial of benefits, or discrimination was by reason of disability. Duvall v. County of Kitsap, 260 F.3d 1124, 1135 (9th 2001); 42 U.S.C. § 12132. A cause of action under § 504 of the Rehabilitation Act essentially parallels an ADA cause of action. See Olmstead v. Zimring, 119 S. Ct. 2176, 2182 (1999); Duvall, 260 F.3d at 1135.

A qualifying "disability" is "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(2).

Federal regulations require a public entity to "make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity." 28 C.F.R. § 35.130(b)(7).

### 2. **Proper Defendants**

Plaintiff cannot bring an ADA or § 504 action against individual officers, because the proper defendant in such actions is the public entity responsible for the alleged discrimination. Nor can he bring a § 1983 action against Defendants based on allegedly discriminatory conduct. See Vinson v. Thomas, 288 F.3d 1145, 1156 (9th Cir. 2002) ("[A] plaintiff cannot bring an action under 42 U.S.C. § 1983 against a State official in her individual capacity to vindicate rights created by Title II of the ADA or section 504 of the Rehabilitation Act."). Therefore, Plaintiff's disability discrimination claims against Defendants who are individual officers are DISMISSED WITH PREJUDICE.

The proper defendants to Plaintiff's disability discrimination claims are the public entities that allegedly denied him equal access to their programs: SQSP and the CDCR. State correctional facilities are "public entities" within the meaning of the ADA. See 42 U.S.C. § 12131(1)(A) & (B); Pennsylvania Dep't of Corrections v. Yeskey, 524 U.S. 206, 210 (1998); Armstrong v. Wilson, 124 F.3d 1019, 1025 (9th Cir. 1997). State prisons that receive federal financial assistance are covered by the Rehabilitation Act. See Armstrong, 124 F.3d at 1022-23.

As state agencies, these entities are shielded from suit in federal court unless they waive their sovereign immunity or Congress has validly abrogated their sovereign immunity in the applicable statute. See Kentucky v. Graham, 473 U.S. 159, 167 n.14 (1985). In Board of Trustees of the Univ. of Ala. v. Garrett, 121 S. Ct. 955 (2001), the Supreme Court held that Congress did not have the power to abrogate the States' Eleventh Amendment immunity under Title I of the ADA, but declined to reach the question whether Congress validly abrogated the States' immunity as to Title II. See Garrett 121 S. Ct. at 960 n.1. The Court specifically noted that Title II has somewhat different remedial provisions from Title I. Id. For purposes of initial review, the Court will assume that the California prisons do not enjoy Eleventh Amendment immunity with respect to Plaintiff's ADA claims.

As to the Rehabilitation Act, the Ninth Circuit has held that, "[b]ecause California accepts federal funds under the Rehabilitation Act, California has waived any immunity under the Eleventh Amendment" as to that Act's anti-discrimination provisions. See Clark v. State of California, 123 F.3d 1267, 1271 (9th Cir. 1997); see also Douglas v. California Dept. Youth Authority, 271 F.3d 812, 819 (9th Cir.), amended, 271 F.3d 910 (9th Cir. 2001) (adhering to Clark after Supreme Court's decision in Garrett.) Thus, Plaintiff may pursue claims for both money damages and prospective injunctive relief under the Rehabilitation Act directly against the SQSP and the CDCR.

In sum, assuming Plaintiff has a valid disability discrimination claim, he may assert the claim in an amendment to the complaint against SQSP and the CDCR, but not against any individual defendants.

**3. Analysis of Claim**

Plaintiff's allegations that he suffers from peanut allergies, if proven, do not establish that he

4

is an individual with a disability under the federal statutes. Furthermore, even if could have established that he is an individual with a disability, he has not alleged discriminatory conduct. He alleges that Defendants failed to accommodate his alleged "disability," but he does not allege that they did so because he was disabled. He does not allege that he was treated differently than similarly-situated non-disabled inmates and he does not allege that he was excluded from participation in a prison program or service because of his disability. Therefore, he does not appear to have a cognizable disability discrimination claim.

If Plaintiff names SQSP and the CDCR as Defendants, his Plaintiff's ADA and Section 504 claims against these public entities are DISMISSED WITH LEAVE TO AMEND. Plaintiff may reassert the claims in an amendment to the complaint if he can in good faith allege that he is an individual with a disability under the federal statutes, that the prison discriminated against him on the basis of his "disability," and if he names the proper Defendants.

### C. Refusal to Process Appeals

Plaintiff claims that Defendants have "refused to process Plaintiff's administrative grievance appeals." (Compl. at 13-16.)

Any claim based on the simple failure to grant his administrative appeals or process them properly is not cognizable in a § 1983 action because there is no constitutional right to a prison administrative appeal or grievance system for California inmates. See Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir. 1996). The State of California has not created a protected interest in an administrative appeal system in prison. California Code of Regulations, title 15 sections 1073 and 3084 et seq. grant prisoners in the county jails and state prisons a purely procedural right: the right to have a prison appeal. The regulations simply require the establishment of a procedural structure for reviewing prisoner complaints and set forth no substantive standards; instead, they provide for flexible appeal time limits, see Cal. Code Regs. tit. 15, § 3084.6, and, at most, that "no reprisal shall be taken against an inmate or parolee for filing an appeal," id. § 3084.1(d). A provision that merely provides procedural requirements, even if mandatory, cannot form the basis of a constitutionally cognizable liberty interest. See Smith v. Noonan, 992 F.2d 987, 989 (9th Cir. 1993); see also Antonelli, 81 F.3d at 1430 (prison grievance

procedure is procedural right that does not give rise to protected liberty interest requiring procedural protections of Due Process Clause).

Plaintiff had no federal constitutional right to a properly functioning appeal system. An incorrect decision on an administrative appeal or failure to process the appeal in a particular way does not amount to a due process violation. Therefore, Plaintiff's claims concerning the handling of his appeals are DISMISSED.

### III. Service

As Plaintiff is not proceeding in forma pauperis in this action, he may not rely on the United States Marshal or the officers of the Court for service. Cf. 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(2). Consequently, Plaintiff is responsible for serving all of the Defendants against whom cognizable claims for relief have been found; no defendant has made an appearance in this action, however, and there is no indication in any of the papers filed herein that any defendant has been served with the summons and complaint in accordance with the Federal Rules of Civil Procedure. Specifically, Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If service and summons of a complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

Here, the complaint has been pending for more than 120 days and it appears that service upon Defendants has not been effectuated; accordingly, Plaintiff must either provide the Court with proof that each Defendant has been properly served with the summons and complaint in accordance with the Federal Rules of Civil Procedures, or show cause why the complaint should not be dismissed without prejudice as to any unserved defendant pursuant to Rule 4(m).

### CONCLUSION

In light of the foregoing, the Court orders as follows:

1. Plaintiff's allegations that the SQSP medical staff failed to provide adequate medical treatment for his hemangiomas state a cognizable deliberate indifference claim against Defendants.

2. Plaintiff's ADA and Section 504 claims against Defendants who are individual officers

6

are DISMISSED WITH PREJUDICE. If Plaintiff names SQSP and the CDCR as Defendants, then his ADA and Section 504 claims against these public entities are DISMISSED WITH LEAVE TO AMEND, as directed above.

3. Within **thirty (30) days** of the date of this Order Plaintiff may file amended ADA and Section 504 claims against SQSP and the CDCR as set forth above in Sections II(B)(3) of this Order. (Plaintiff shall resubmit only his amended ADA and Section 504 claims and not the entire complaint.) The failure to do so will result in the dismissal without prejudice of his ADA and Section 504 claims against SQSP and the CDCR.

4. Plaintiff's claims concerning the handling of his appeals are DISMISSED.

5. Within **thirty (30) days** of the date this Order is filed Plaintiff shall either provide the Court with proof of service of the summons and complaint upon the Defendants against whom he alleges his deliberate indifference to serious medical needs claim, or otherwise show cause why the complaint should not be dismissed without prejudice as to each unserved Defendant pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

6. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's Orders in a timely fashion. Failure to do so may result in the dismissal of this action, pursuant to Federal Rule of Civil Procedure 41(b), for failure to prosecute.

7. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than **fifteen (15) days** prior to the deadline sought to be extended.

IT IS SO ORDERED.

DATED: 3/5/10

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge

P:\PRO-SE\SBA\CR.07\Ramirez4681.OSC(4m).wpd

7

```
                    UNITED STATES DISTRICT COURT
                    FOR THE
                    NORTHERN DISTRICT OF CALIFORNIA

JUAN VILLA RAMIREZ,
                                                    Case Number: CV07-04681 SBA
            Plaintiff,
                                                    **CERTIFICATE OF SERVICE**
    v.

JAMES TILTON et al,

            Defendant.
                                          /
```

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 8, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Juan Villa Ramirez T-24667
California State Prison - San Quentin
2 A/C 6
San Quentin, CA 94974

Dated: March 8, 2010

                                    Richard W. Wieking, Clerk
                                    By: LISA R CLARK, Deputy Clerk

P:\PRO-SE\SBA\CR.07\Ramirez4681.OSC(4m).wpd