**United States District Court**
For the Northern District of California

1    IN THE UNITED STATES DISTRICT COURT

2    FOR THE NORTHERN DISTRICT OF CALIFORNIA

3    JUAN VILLA RAMIREZ,                          No. C 07-04681 SBA (PR)

4              Plaintiff,                         **ORDER DIRECTING UNITED STATES
                                                  MARSHAL TO SERVE DEFENDANTS
5         v.                                      SQSP MEDICAL STAFF; AND SETTING
                                                  BRIEFING SCHEDULE**
6    JAMES TILTON, et al.,

7              Defendants.
                                          /
8

9         Plaintiff, a California prisoner incarcerated at San Quentin State Prison (SQSP), filed the

10   present pro se civil rights action pursuant to 42 U.S.C. § 1983 in which he asserted three claims for

11   relief against twenty-one Defendants, all officials and employees at SQSP and the California

12   Department of Corrections and Rehabilitation (CDCR).  He seeks monetary damages and injunctive

13   relief.

14        In an Order dated March 5, 2010, the Court screened Plaintiff's complaint.  The Court found

15   Plaintiff's allegation that SQSP medical staff failed to provide adequate medical treatment (for his

16   hemangiomas) stated a cognizable deliberate indifference claim against the following Defendants,

17   who are members of the SQSP medical staff: Defendants SQSP Physicians Sayer, Poluzza, Kholsla,

18   Tim Belavich and Donald Calvo; as well as SQSP Medical Technical Assistants (MTAs)

19   Hill-Culpepper, Guildersleeves, Morrow and Terranu.  Plaintiff's claims concerning the handling of

20   his appeals were dismissed with prejudice.  Plaintiff's claims under Title II of the Americans with

21   Disabilities Act of 1990 (ADA) and § 504 of the Rehabilitation Act of 1973 against Defendants who

22   are individual officers were dismissed with prejudice.  The Court noted that if Plaintiff named SQSP

23   and the CDCR as Defendants, then his ADA and Section 504 claims against these public entities

24   were dismissed with leave to amend.  The Court stated, "Plaintiff may reassert the claims in an

25   amendment to the complaint if he can in good faith allege that he is an individual with a disability

26   under the federal statutes, that the prison discriminated against him on the basis of his 'disability,'

27   and if he names the proper Defendants."  (Mar. 5, 2010 Order at 5.)  Finally, the Court noted that

28   none of the Defendants had been served; therefore, the Court directed Plaintiff, who paid the filing

**United States District Court**
For the Northern District of California

1  fee in this matter, to "either provide the Court with proof of service of the summons and complaint

2  upon the Defendants against whom he alleges his deliberate indifference to serious medical needs

3  claim, or otherwise show cause why the complaint should not be dismissed without prejudice as to

4  each unserved Defendant pursuant to Rule 4(m) of the Federal Rules of Civil Procedure." (Id. at 7.)

5  Plaintiff was also directed to file an amendment to the complaint containing amended ADA and

6  Section 504 claims against SQSP and the CDCR.  Plaintiff was given thirty days to: (1) file his

7  amendment to the complaint; and (2) show proof that he has served those Defendants against whom

8  he alleges his deliberate indifference to serious medical needs claim, or show cause why such

9  Defendants should not be dismissed from this action without prejudice.

10  In an Order dated April 15, 2010, the Court granted Plaintiff a brief extension of time to

11  respond to the Court's March 5, 2010 Order.  The Court stated, "The time in which Plaintiff may:

12  (1) file his amendment to the complaint; and (2) either provide the Court with proof of service on

13  those Defendants against whom he alleges his deliberate indifference to serious medical needs

14  claim, or show cause why such Defendants should not be dismissed from this action without

15  prejudice, will be extended up to and including **May 10, 2010.**" (Apr. 15, 2010 at 2 (emphasis in

16  original).)

17  On April 20, 2010, the Court received a letter from Michael R. Snedeker and Lisa Short, the

18  attorneys who represented Plaintiff "on the automatic appeal of his death sentence." (Apr. 20, 2010

19  Letter at 1.)  Mr. Snedeker states:

20      Ms. Short paid the filing fee because [Plaintiff] was not able to complete the
        requisite papers in time (he is locked down because of an assessment by the prison
21      that he is a gang member), but in December of 2007, [Plaintiff] filed a motion to
        proceed in forma pauperis [IFP], together with a supporting declaration.
22

23  (Apr. 20, 2010 Letter from Michael R. Snedeker at 1.)  Mr. Snedeker asks the court to rule on

24  Plaintiff's IFP motion, and to amend its March 5, 2010 Order requiring Plaintiff to provide the Court

25  with proof of service of the summons and complaint upon Defendants.

26  Although the record reflects that Plaintiff has paid the requisite filing fee, Mr. Snedeker

27  correctly points out that Plaintiff originally moved to proceed IFP under 28 U.S.C. § 1915 as to all

28  other aspects of this case.  Good cause shown, the motion to proceed IFP is GRANTED, and the

1  United States Marshal shall serve those Defendants against whom Plaintiff alleges his deliberate

2  indifference to serious medical needs claim, as directed below.  The parties are directed to abide by

3  the new briefing schedule outlined below.  The Court notes, however, that Plaintiff is directed to

4  abide by the May 10, 2010 deadline for filing his amendment to the complaint.

## CONCLUSION

6  For the foregoing reasons,

7  1.  Although Plaintiff has paid the requisite filing fee, the Court GRANTS Plaintiff's

8  motion to proceed IFP under 28 U.S.C. § 1915 as to all other aspects of this case; however, no

9  further filing is due because it has been paid in full.

10  2.  Pursuant to the Court's April 15, 2010 Order, Plaintiff's amendment to the complaint

11  is due on **May 10, 2010.**  His amendment to the complaint should contain amended ADA and

12  Section 504 claims against SQSP and the CDCR as set forth above in Sections II(B)(3) of the

13  Court's March 5, 2010 Order.  (Plaintiff shall resubmit only his amended ADA and Section 504

14  claims and not the entire complaint.)  The failure to do so will result in the dismissal without

15  prejudice of his ADA and Section 504 claims against SQSP and the CDCR.

16  3.  The Clerk of the Court shall issue summons and the United States Marshal shall

17  serve, without prepayment of fees, a copy of the original complaint (docket no. 1) in this matter, and

18  a copy of this Order upon: **SQSP Physicians Sayer, Poluzza and Kholsla; as well as SQSP MTAs**

19  **Hill-Culpepper, Guildersleeves, Morrow and Terranu at SQSP**; **former SQSP Physician Tim**

20  **Belavich at California State Prison - Los Angeles County in Lancaster, California; and former**

21  **SQSP Physician Donald Calvo, whose address shall be provided in an addendum, which shall**

22  **be filed under seal.**[1]  The Clerk shall also mail copies of these documents to the Attorney General

23  of the State of California.  Additionally, the Clerk shall serve a copy of this Order on Plaintiff.

24  4.  In order to expedite the resolution of this case, the Court orders as follows:

25  a.  Defendants shall answer the complaint in accordance with the Federal Rules

26  of Civil Procedure.  In addition, no later than **thirty (30) days** from the date their answer is due,

27

28  [1] The litigation coordinator at SQSP informed Clerk's Office staff of Defendants Belavich and Calvo's last known addresses.

**United States District Court**
For the Northern District of California

3

**United States District Court**
For the Northern District of California

1  Defendants shall file a motion for summary judgment or other dispositive motion.  The motion shall

2  be supported by adequate factual documentation and shall conform in all respects to Federal Rule of

3  Civil Procedure 56.  If Defendants are of the opinion that this case cannot be resolved by summary

4  judgment, they shall so inform the Court prior to the date their summary judgment motion is due.

5  All papers filed with the Court shall be promptly served on Plaintiff.

6                  b.        Plaintiff's opposition to the dispositive motion shall be filed with the Court

7  and served on Defendants no later than **thirty (30) days** after the date on which Defendants' motion

8  is filed.  The Ninth Circuit has held that the following notice should be given to plaintiffs:

9          The Defendant has made a motion for summary  judgment by which they seek
10 to have your case dismissed.  A motion for summary judgment under Rule 56 of the
    Federal Rules of Civil Procedure will, if granted, end your case.

11         Rule 56 tells you what you must do in order to oppose a motion for summary
12 judgment.  Generally, summary judgment must be granted when there is no genuine
    issue of material fact -- that is,  if there is no real dispute about any fact that would
    affect the result of your case, the party who asked for summary judgment is entitled
13 to judgment as a matter of law, which will end your case.  When a party you are suing
    makes a motion for summary judgment that is properly supported by declarations (or
14 other sworn testimony), you cannot simply rely on what your complaint says.
    Instead, you must set out specific facts in declarations, depositions, answers to
15 interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict
    the facts shown in the Defendants's declarations and documents and show that there is
16 a genuine issue of material fact for trial.  If you do not submit your own evidence in
    opposition, summary judgment, if appropriate, may be entered against you.  If
17 summary judgment is granted [in favor of the Defendant], your case will be dismissed
    and there will be no trial.
18
See Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc).  Plaintiff is advised to read
19
Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986)
20
(party opposing summary judgment must come forward with evidence showing triable issues of
21
material fact on every essential element of his claim).  Plaintiff is cautioned that because he bears
22
the burden of proving his allegations in this case, he must be prepared to produce evidence in
23
support of those allegations when he files his opposition to Defendants' dispositive motion.  Such
24
evidence may include sworn declarations from himself and other witnesses to the incident, and
25
copies of documents authenticated by sworn declaration.  Plaintiff is advised that if he fails to
26
submit declarations contesting the version of the facts contained in Defendants' declarations,
27
Defendants' version may be taken as true and the case may be decided in Defendants' favor without a
28
trial.  Plaintiff will not be able to avoid summary judgment simply by repeating the allegations of his

4

**United States District Court**
For the Northern District of California

1  complaint.

2        c.        If Defendants wish to file a reply brief, they shall do so no later than **fifteen**

3  **(15) days** after the date Plaintiff's opposition is filed.

4        d.        The motion shall be deemed submitted as of the date the reply brief is due.

5  No hearing will be held on the motion unless the Court so orders at a later date.

6      5.    Discovery may be taken in accordance with the Federal Rules of Civil Procedure.

7  Leave of Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Plaintiff and any

8  other necessary witnesses confined in prison.

9      6.    All communications by Plaintiff with the Court must be served on Defendants, or

10  their counsel once counsel has been designated, by mailing a true copy of the document to

11  Defendants or their counsel.

12      7.    It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court

13  informed of any change of address and must comply with the Court's orders in a timely fashion.

14  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal

15  Rule of Civil Procedure 41(b).

16      8.    Extensions of time are not favored, though reasonable extensions will be granted.

17  However, the party making a motion for an extension of time is not relieved from his or her duty to

18  comply with the deadlines set by the Court merely by having made a motion for an extension of

19  time.  The party making the motion must still meet the deadlines set by the Court until an order

20  addressing the motion for an extension of time is issued.  Any motion for an extension of time must

21  be filed no later than **fifteen (15) days** prior to the deadline sought to be extended.

22      IT IS SO ORDERED.

23  DATED: 4/23/10

        SAUNDRA BROWN ARMSTRONG
24        United States District Judge

25

26

27

28

G:\PRO-SE\SBA\CR.07\Ramirez4681.serveDEFS&briefSCHED.wpd

**United States District Court**
For the Northern District of California

1

2  UNITED STATES DISTRICT COURT
   FOR THE
3  NORTHERN DISTRICT OF CALIFORNIA

4  JUAN VILLA RAMIREZ,
                                              Case Number: CV07-04681 SBA
5              Plaintiff,
                                              **CERTIFICATE OF SERVICE**
6     v.

7  JAMES TILTON et al,

8              Defendant.
                                        /
9

10  I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District
    Court, Northern District of California.

11  That on April 26, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said
    copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said
12  envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle
    located in the Clerk's office.
13

14

15  Juan Villa Ramirez T-24667
    California State Prison - San Quentin
16  2 A/C 6
    San Quentin, CA 94974
17

18  Dated: April 26, 2010
                                              Richard W. Wieking, Clerk
19                                            By: LISA R CLARK, Deputy Clerk

20

21

22

23

24

25

26

27

28

G:\PRO-SE\SBA\CR.07\Ramirez4681.serveDEFS&briefSCHED.wpd