IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN VILLA RAMIREZ,<br><br>    Plaintiff,<br><br>v.<br><br>JAMES TILTON, et al.,<br><br>    Defendants. | No. C 07-04681 SBA (PR)<br><br>**ORDER DISMISSING WITHOUT PREJUDICE CLAIMS AGAINST DEFENDANTS SAYER, POLUZZA, KHOLSLA, HILL-CULPEPPER, GUILDERSLEEVES, MORROW AND TERRANU; AND DENYING PLAINTIFF'S SECOND REQUEST FOR APPOINTMENT OF COUNSEL**<br><br>(Docket no. 41) |

Service has been ineffective on the following Defendants: former San Quentin State Prison (SQSP) Physicians Sayer, Poluzza and Kholsla; as well as former SQSP Medical Technical Assistants Hill-Culpepper, Guildersleeves, Morrow and Terranu. The United States Marshal's Office has informed the Court that service could not be completed on these Defendants. To date, the Court notes that only Defendant Belavich has been served in this action.

Although Plaintiff has paid the requisite filing fee, the Court has granted his motion to proceed in forma pauperis (IFP) under 28 U.S.C. § 1915 as to all other aspects of this case. Therefore, he is responsible for providing the Court with current addresses for all Defendants so that service can be accomplished. See Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994); Sellers v. United States, 902 F.2d 598, 603 (7th Cir. 1990).

Pursuant to Federal Rule of Civil Procedure 4(m), if a complaint is not served within 120 days from the filing of the complaint, it may be dismissed without prejudice for failure of service. When advised of a problem accomplishing service, a pro se litigant proceeding IFP must "attempt to remedy any apparent defects of which [he] has knowledge." Rochon v. Dawson, 828 F.2d 1107, 1110 (5th Cir. 1987). If the marshal is unable to effectuate service through no fault of his own, e.g., because the plaintiff failed to provide sufficient information, the plaintiff must seek to remedy the situation or face dismissal. See Walker, 14 F.3d at 1421-22 (prisoner failed to show cause why prison official should not be dismissed under Rule 4(m) because prisoner did not prove that he provided marshal with sufficient information to serve official or that he requested that official be served); Del Raine v. Williford, 32 F.3d 1024, 1029-31 (7th Cir. 1994) (prisoner failed to show good cause for failing to timely effect service on defendant because plaintiff did not provide marshal with

copy of amended complaint until after more than 120 days after it was filed).

On May 10, 2010, the Court contacted the Office of Legal Affairs (OLA) of the California Department of Corrections and Rehabilitation, requesting the forwarding addresses of Defendants Sayer, Poluzza, Kholsla, Hill-Culpepper, Guildersleeves, Morrow and Terranu.

In addition, in an Order dated May 24, 2010, the Court informed Plaintiff of the United States Marshal's inability to serve Defendants Sayer, Poluzza, Kholsla, Hill-Culpepper, Guildersleeves, Morrow and Terranu and directed Plaintiff to provide the Court with a current address for these Defendants within thirty days of the Order. Thirty days have passed, and Plaintiff has failed to provide the Court with the aforementioned Defendants' current addresses.

In a letter dated June 15, 2010, the OLA informed the Court that it was unable to locate Defendants Sayer, Poluzza, Kholsla, Guildersleeves and Terranu. (OLA's June 15, 2010 Letter at 1.) The OLA further informed the Court that Defendant Hill-Culpepper had retired in May, 2007. (Id.) Finally, the OLA stated that "there was a Zina Morrow employed at San Quentin who transferred to the Department of Mental Health in Vacaville." (Id.) However, because Plaintiff neither responded to the Court's May 24, 2010 Order nor provided the Court with Defendant Morrow's first name and any other identifying information, the Court has insufficient information to determine whether Zina Morrow is the correct Defendant Morrow that Plaintiff wishes to serve.

In sum, the United States Marshal's Office was unable to effectuate service on the aforementioned Defendants; however, Plaintiff has failed to remedy the situation. Even after the Court ordered him to do so in its May 24, 2010 Order, he has failed to supply the Court with the last-known addresses of the aforementioned Defendants. Plaintiff has also failed to provide sufficient information for the Court to determine which Defendant Morrow he requested to be served. Accordingly, all claims against Defendants Sayer, Poluzza, Kholsla, Hill-Culpepper, Guildersleeves, Morrow and Terranu are DISMISSED without prejudice under Rule 4(m).

Also before the Court is Plaintiff's second request for appointment of counsel. In a March 20, 2008 Order denying Plaintiff's prior request for appointment of counsel, the Court said:

> There is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. See Lassiter v. Dep't of Social Services, 452 U.S. 18, 25 (1981); Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel in § 1983 action),

2

> withdrawn in part on other grounds on reh'g en banc, 154 F.3d 952 (9th Cir. 1998) (en banc). The court may ask counsel to represent an indigent litigant under 28 U.S.C. § 1915 only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits, and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See id. at 1525; Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). Both of these factors must be viewed together before reaching a decision on a request for counsel under § 1915. See id.
>
> The Court is unable to assess at this time whether exceptional circumstances exist which would warrant seeking volunteer counsel to accept a pro bono appointment. The proceedings are at an early stage and it is premature for the Court to determine Plaintiff's likelihood of success on the merits. Moreover, Plaintiff has been able to articulate his claims adequately pro se in light of the complexity of the issues involved. See Agyeman v. Corrections Corp. of America, 390 F.3d 1101, 1103 (9th Cir. 2004).

(Mar. 20, 2008 Order at 1-2.) For the same reasons as above, Plaintiff's second request for appointment of counsel at this time is DENIED. This does not mean, however, that the Court will not consider appointment of counsel at a later juncture in the proceedings; that is, after Defendant Belavich has filed his dispositive motion such that the Court will be in a better position to consider the procedural and substantive matters at issue. Therefore, Plaintiff may file a renewed motion for the appointment of counsel after Defendant Belavich's dispositive motion has been filed. If the Court decides that appointment of counsel is warranted at that time, then it can seek volunteer counsel to represent Plaintiff pro bono.

## CONCLUSION

For the reasons stated above, the Court orders as follows:

1. All claims against Defendants Sayer, Poluzza, Kholsla, Hill-Culpepper, Guildersleeves, Morrow and Terranu are DISMISSED without prejudice under Federal Rule of Civil Procedure 4(m). Plaintiff and Defendant Belavich, the only remaining Defendant in this action, shall abide by the briefing schedule in the Court's June 18, 2010 Order.

2. Plaintiff's second request for appointment of counsel (docket no. 41) is DENIED without prejudice.

IT IS SO ORDERED.

DATED: 6/28/10

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge

G:\PRO-SE\SBA\CR.07\Ramirez4681.dismissDEFS(4m)&denyATTY.wpd

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

JUAN VILLA RAMIREZ,

        Plaintiff,

  v.

JAMES TILTON et al,

        Defendant.

Case Number: CV07-04681 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 30, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Juan Villa Ramirez T-24667
California State Prison - San Quentin
2 A/C 6
San Quentin, CA 94974

Dated: June 30, 2010

Richard W. Wieking, Clerk
By: LISA R CLARK, Deputy Clerk

G:\PRO-SE\SBA\CR.07\Ramirez4681.dismissDEFS(4m)&denyATTY.wpd