UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| JUAN VILLA RAMIREZ,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>JAMES TILTON, et al.,<br><br>　　　　Defendants. | Case No: C 07-04681 SBA (PR)<br><br>**ORDER GRANTING DEFENDANT BELAVICH'S MOTION TO COMPEL PLAINTIFF'S DEPOSITION; DENYING HIS REQUEST FOR AN EXTENSION OF TIME TO FILE A DISPOSITIVE MOTION; AND SETTING BRIEFING SCHEDULE**<br><br>Docket 44 |

   Before the Court is Defendant Belavich's motion to compel Plaintiff Juan Villa Ramirez to testify at his deposition. Defendant duly noticed Plaintiff's deposition for July 26, 2010. (Mot. Compel at 2.) Plaintiff served no objection to the notice setting his deposition for that date. (Id.) However, Plaintiff refused to testify, stating, "I don't have counsel to represent me, and I don't know what my rights are regarding this deposition." (Id.) Plaintiff's refusal to be deposed is without justification. As explained in the Court's two prior orders denying Plaintiff's request for appointment of counsel, there is no right to counsel in section 1983 action. (Docket nos. 11, 42.) To the extent that Plaintiff seeks to have counsel represent him as his deposition, such request is denied for the reasons set forth in those orders. The Court directs the parties to schedule another deposition of Plaintiff, as provided below. A plaintiff must prosecute his case with "reasonable diligence" to avoid dismissal. Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976). Thus, Plaintiff shall attend Defendant's properly noticed deposition, even if he is not represented by counsel.

   Accordingly, the Court GRANTS Defendant's motion to compel Plaintiff's deposition.

   Also before the Court is Defendant's request for a sixty-day extension of time, up to and including October 4, 2010, in which to file a dispositive motion. On June 16, 2010, Defendant

filed his first request for a 120-day extension of time, up to and including October 14, 2010, to file his dispositive motion.  In an Order dated June 18, 2010, Defendant's first request was granted in part and denied in part.  The Court found that only a brief extension was necessary and directed Defendant to file his dispositive motion on July 30, 2010.  The Court also specified that "no further extensions of time will be granted in this case absent exigent circumstances."  (June 18, 2010 Order at 1.)

Instead of filing a timely dispositive motion on July 30, 2010, Defendant filed his second request for an extension of time on that date.  In support of the present request, Defendant's counsel argues that he is unable to file a timely dispositive motion without completing Plaintiff's deposition, stating: "Plaintiff's deposition is a necessary prerequisite to the filing of a dispositive motion because, among other things, it is wholly unclear from the Complaint and other documents . . . what Dr. Belavich (a psychologist) supposedly did that was indifferent to Plaintiff's hemangioma-related medical needs." (Grigg Decl. at 1.)  The Court finds this argument unavailing.  The exhibits to Plaintiff's complaint make clear that Defendant served as the Health Care Manager who handled Plaintiff's second level appeal.  (Compl. Ex. C at 8b-c.)  Because the record contains sufficient information relating to Defendant's role in Plaintiff's deliberate indifference claim, it is unclear why Plaintiff's deposition is necessary.

Moreover, Defendants have failed to establish good cause for their second request for an extension of time.  First, the request is untimely, as it was not filed at least fifteen days prior to the due date for the motion, as directed in the Court's Order of Service.  Second, as mentioned above, the information in the record is sufficient for Defendant to file a dispositive motion; therefore, defense counsel has identified no other exigent circumstances warranting an extension of time.  Accordingly, Defendant's second request for extension of time to file dispositive motion is DENIED.  Defendant shall file his dispositive motion even if Plaintiff's deposition is not completed, and the parties shall abide by the briefing schedule outlined below.

**CONCLUSION**

Having read and considered Defendant's requests and the accompanying declaration of counsel, and good cause appearing,

IT IS HEREBY ORDERED that:

1. Defendant's motion to compel Plaintiff's testimony at deposition is GRANTED. Defendant will notice another deposition of Plaintiff. Plaintiff shall testify at the properly noticed deposition even if he is not represented by counsel. If he does not complete this deposition, the Court will dismiss his claim with prejudice for failure to prosecute under Federal Rule of Civil Procedure 41(b), failure to comply with a court order under Rule 37(b), and failure to attend his deposition under Rule 37(d).

2. Defendant's second request for an extension of time to file a dispositive motion is DENIED. As mentioned above, the Court finds unavailing Defendant's argument that Plaintiff's deposition is a prerequisite to filing a dispositive motion. Therefore, Defendant is directed to file his dispositive motion even if Plaintiff's deposition is not completed.

Defendant is ordered to file his dispositive motion no later than August 13, 2010. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendant no later than thirty (30) days after the date Defendant's motion is filed. If Defendant wishes to file a reply brief, he shall do so no later than fifteen (15) days after the date Plaintiff's opposition is filed.

If Defendant fails to file his dispositive motion forthwith, the Court may consider the imposition of monetary sanctions. No further extensions of time will be granted in this case absent exigent circumstances.

3. This Order terminates Docket no. 44.

IT IS SO ORDERED.

Dated: August 6, 2010

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge