IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN VILLA RAMIREZ,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>JAMES TILTON, et al.,<br><br>　　　　　Defendants.　　　　　　　　／ | No. C 07-04681 SBA (PR)<br><br>**NOTICE REGARDING INABILITY TO SERVE DEFENDANT CALVO** |

　　　　Service has been ineffective on former San Quentin State Prison Physician Calvo. The United States Marshal's Office has informed the Court that service could not be completed on Defendant Calvo because he "has retired from CDC w/NO forwarding address." The Court was given a "last known address" by the prison litigation coordinator, and that address was provided in an addendum to the service order, which was filed under seal. The United States Marshal's Office attempted to serve Defendant Calvo at that address; however, the notes on the unexecuted summons state that the address given "does not exist" and that they "need a better address."

　　　　While Plaintiff may rely on service by the United States Marshal, "a plaintiff may not remain silent and do nothing to effectuate such service. At a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent defects of which [he] has knowledge." Rochon v. Dawson, 828 F.2d 1107, 1110 (5th Cir. 1987). If the marshal is unable to effectuate service and the plaintiff is informed, the plaintiff must seek to remedy the situation or face dismissal of the claims regarding that defendant under Federal Rule of Civil Procedure 4(m). See Fed. R. Civ. P. 4(m) (If service of the summons and complaint is not made upon a defendant in 120 days after the filing of the complaint, the action must be dismissed without prejudice as to that defendant absent a showing of "good cause."); see also Walker v. Sumner, 14 F.3d 1415, 1421-22 (9th Cir. 1994) (prisoner failed to show cause why prison official should not be dismissed under Rule 4(m) because prisoner did not prove that he provided marshal with sufficient information to

serve official).

No later than **fifteen (15) days** from the date of this Order, Plaintiff must provide the Court with the current address for Defendant Calvo. Plaintiff should review the federal discovery rules, Rules 26-37 of the Federal Rules of Civil Procedure, for guidance about how to determine the current address of Defendant Calvo.

**If Plaintiff fails to provide the Court with the current address of Defendant Calvo within the fifteen-day deadline, all claims against Defendant Calvo will be dismissed without prejudice under Rule 4(m).**

IT IS SO ORDERED.

DATED: 9/10/10

SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

JUAN VILLA RAMIREZ,

        Plaintiff,

  v.

JAMES TILTON et al,

        Defendant.

Case Number: CV07-04681 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 10, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Juan Villa Ramirez T-24667
California State Prison - San Quentin
2 A/C 6
San Quentin, CA 94974

Dated: September 10, 2010

Richard W. Wieking, Clerk
By: LISA R CLARK, Deputy Clerk

G:\PRO-SE\SBA\CR.07\Ramirez4681.Calvo-4m.3.wpd